IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALLMARK LICENSING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DONGGUAN DOMI TOYS & GIFTS CO., LTD. et al, <br><br> Defendants. | Case No. 23-cv-15761 <br><br> **Judge Charles P. Kocoras** <br><br> **Magistrate Judge Keri L. Holleb Hotaling** |

**CONSENT JUDGMENT**

This action having been commenced by Hallmark Licensing, LLC ("Plaintiff" or "Hallmark") against defendants Ching's Co. ltd (No. 84), Kakidly (No. 87), and SMQSELLER (No. 89) (collectively, "Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products bearing unauthorized copies of the Hallmark Copyrighted Work (including U.S. Copyright Registration No. VA0000155320 and VA0002361744 ) and/or using infringing and counterfeit versions of the federally registered Hallmark trademarks (the "HALLMARK Trademarks") to residents of Illinois. A list of the HALLMARK Trademarks is included in the below chart.

1

| Registration No. | Trademark |
|---|---|
| 380,596<br>916,900<br>6,013,810<br>4,814,915<br>4,664,608<br>5,033,265<br>5,794,656 | HALLMARK |
| 7,086,740 | HALLMARK BETTER TOGETHER |
| 7,130,743 | BETTER TOGETHER |
| 525,798<br>5,794,657<br>5,858,356<br>5,587,711<br>5,499,357<br>3,634,799<br>2,457,248<br>2,469,522<br>2,469,521<br>864,077<br>657,441<br>654,790 | *Hallmark* (stylized with crown) |
| 821,931 | *Hallmark* (stylized with crown) |
| 842,461 | *Hallmark* (stylized with crown design) |
| 2,302,403<br>5,115,753<br>3,808,509 | RAINBOW BRITE |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the HALLMARK Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Hallmark product or not authorized by Plaintiff to be sold in connection with the HALLMARK Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Hallmark Copyrighted Works in any manner without the express authorization of Plaintiff;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Hallmark product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the HALLMARK Trademarks and/or the Hallmark Copyrighted Works;

    d. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    e. further infringing the HALLMARK Trademarks and/or the Hallmark Copyrighted Work and damaging Plaintiff's goodwill; and

    f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the HALLMARK Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Hallmark Copyrighted Works.

2. Pursuant to the parties' settlement agreement, Defendants shall pay Plaintiff damages according to the below chart (the "Damages Amount"):

| No: | Seller Alias | Damages Amount |
|---|---|---|
| 84 | Ching's Co. ltd | Eight Thousand Six Hundred Dollars ($8,600.00) |
| 87 | Kakidly | Twenty Nine Thousand Dollars ($29,000) |
| 89 | SMQSELLER | Five Thousand Six Hundred Dollars ($5,600) |

3. Walmart, Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraphs 2 and 3, Walmart shall remove any restraints that were placed on Defendants' e-commerce store and financial account pursuant to the Temporary Restraining Order [25].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

_____

Charles P. Kocoras

United States District Judge

Date: February 26, 2024